NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YELEUIS YAJAIRA ANAZCO ISTURIZ, | No. 19-73242 |
| Petitioner, | Agency No. A213-084-677 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

Yeleuis Yajaira Anazco Isturiz (Petitioner), a citizen of Venezuela, petitions

for review of the Board of Immigration Appeals (BIA) order denying her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

immigration relief.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo allegations of due process violations in immigration proceedings.  *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  In addition, we review adverse credibility findings for substantial evidence, and reversal is warranted only if "the evidence not only *supports* a contrary conclusion, but *compels* it."  *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184–85 (9th Cir. 2016) (quoting *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)).  We deny the petition for review.

1.      The Immigration Judge (IJ) did not violate Petitioner's due process rights by allowing the government to introduce her sworn statement from her border interview.

Petitioner acknowledges that her sworn statement was submitted to the IJ at a December 13, 2017 master calendar hearing, which was attended by both Petitioner and her counsel, and occurred nearly three months before her March 8, 2018 merits hearing.  Petitioner therefore had a reasonable opportunity to review her sworn statement, and the entry of this evidence was not fundamentally unfair for lack of notice.  *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir. 2005); *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009).

Additionally, the Executive Office of Immigration Review certified and

---

[1] Petitioner did not challenge the BIA's denial of her application for protection under the Convention Against Torture.

authenticated the I-867A form which contained Petitioner's sworn statement. The information contained in this document is therefore "presumed to be reliable in the absence of evidence to the contrary presented by the alien." *Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995). Because Petitioner failed to point to probative evidence contradicting this authenticated I-867A, the IJ was "not required to permit cross-examination of the form's preparer" at Petitioner's merits hearing. *See id*. at 311.

2.      Petitioner contends that her sworn statement should have been suppressed as unreliable. But border interview records with sufficient indicia of reliability can support adverse credibility findings. *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020) (citations omitted). The border interview during which Petitioner dictated the sworn statement, in the form of questions and answers, was taken under oath and with the assistance of a Spanish-language interpreter. As such, Petitioner's statement carries sufficient indicia of reliability, and the IJ could properly consider the statement when he made his adverse credibility finding. *See id*.

3.      Petitioner next argues that the BIA erroneously relied on *Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994) in rejecting her claim that translation errors tainted her credible fear interview. However, like the asylum seekers in *Kotasz*, Petitioner failed to identify any words or phrases that were allegedly mistranslated

3

in her credible fear interview. *See* 31 F.3d at 850 n.2. Likewise, there is no evidence that Petitioner was deprived of a fair opportunity to relay her version of events during her credible fear interview—the transcript does not indicate that Petitioner or her interpreters misunderstood each other, and Petitioner confirmed that the asylum officer's interview summary was correct. *See id*. As a result, the BIA properly relied on *Kotasz* in rejecting Petitioner's mistranslation argument. *See id*. (explaining that, to set out a due process violation based on translation error, the "alien must show that a better translation would have made a difference in the outcome of the [proceedings]").

4. Petitioner next maintains that the BIA improperly affirmed the IJ's finding that Petitioner was not credible because her claim for immigration relief materially evolved between her border interview and merits hearing. However, the IJ set out four "specific cogent reason[s] for [his] adverse credibility finding," *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), each of which was based upon facts in the record. And the BIA may adopt the IJ's decisions as its own, which it did here. *See Alaelua v. I.N.S.*, 45 F.3d 1379, 1382 (9th Cir. 1995). Thus, Petitioner has not set out a basis for reversal.

Petitioner nonetheless claims that her immigration case merely suffered from so-called "irregularities" in her statements, such that she never offered a "different or more compelling story" at various stages of her immigration case. But contrary

4

to Petitioner's assertions, her inconsistent statements all went to the heart of her claim since she "went from having no fear to having a fear of primarily [] [criminals] to having fear due to her political activism." *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011). Petitioner's material alteration of her account of persecution in Venezuela is "sufficient to support an adverse credibility finding." *See Zamanov*, 649 F.3d at 973; *accord Silva-Pereira*, 827 F.3d at 1184.

Substantial evidence supports the IJ's finding that Petitioner's documentary evidence did not save her asylum and withholding of removal claims. The death certificates for Jorge Felix Isturiz and Yordi Alexander Hernandez Isturiz merely indicate that the former died from a gunshot wound caused by an individual named Elsa Rivas, while the latter died from a gunshot wound that was inflicted by an unknown person. The record contains no evidence of these three individuals' political activities, and Petitioner herself stated that these two relatives died because of random criminal activity. As a result, the record does not compel a conclusion contrary to the one reached by the BIA. *See Silva-Pereira*, 827 F.3d at 1184.

5. Petitioner argues that she is eligible for asylum and withholding of removal because she has shown the required nexus between her alleged anti-governmental political activities and the harm that she and her family suffered while they were living in Venezuela.

5

But, absent her discredited testimony, Petitioner offered no evidence that she is a member of any anti-governmental political organization in Venezuela. Nor did Petitioner submit evidence that she, or anyone in her family, was the victim of a politically motivated crime in Venezuela. As such, Petitioner did not establish a nexus between a protected ground and harm in Venezuela. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021).

6.      Petitioner contends that both the IJ and BIA erred by not considering her country conditions evidence.

This point is unavailing as the IJ considered Petitioner's country conditions evidence with respect to each of her claims for immigration relief. And, while the BIA did not consider Petitioner's country conditions evidence, this was not error. Petitioner did not mention her country conditions evidence in her brief at the BIA, so she failed to exhaust her administrative remedies with respect to this issue and we cannot review unexhausted claims. *See Alvarado v. Holder*, 759 F.3d 1121, 1127–28 (9th Cir. 2014).

7.      Petitioner finally submits an Equal Protection Clause argument comprised of a single sentence unaccompanied by citations to the record. Such undeveloped arguments are waived and we need not address them. *See Cal. v. Azar*, 911 F.3d 558, 573 n.1 (9th Cir. 2018).

**PETITION DENIED.**